UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MAURICE EUGENE DANCY, | ) | |
| Institutional ID No. 316646, | ) | |
| SID No. 2348836, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 5:16-CV-024-BG |
| TEXAS BOARD OF PARDON AND | ) | ECF |
| PAROLES ("BPP"), | ) | |
| | ) | |
|        Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Maurice Eugene Dancy filed this civil rights action *in forma pauperis* on January 28, 2016, alleging violations of his constitutional rights by the Texas Board of Pardon and Paroles (BPP). Specifically, he claims that he was eligible for parole in December 1986, but BPP applied parole guidelines that were enacted after he began serving his sentence, which resulted in a denial of parole. He claims that this denial violates the Ex Post Facto and Due Process Clauses of the United States Constitution. He seeks injunctive relief in the form of an immediate parole hearing in accordance with the parole guidelines in place at the time he was convicted. He also requests that the old guidelines be applied to any future parole hearings.

The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter reviewed Dancy's Complaint. He has not consented to proceed before the undersigned magistrate judge. Pursuant to the order of transfer, the undersigned enters this Report and Recommendation and recommends that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     Standard of Review**

A court must dismiss a complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2015); *see also* § 1915A(b) (applying to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacking an arguable basis in fact rests upon clearly baseless factual contentions, while a complaint lacking an arguable basis in law rests upon indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). In reaching a frivolous determination, the court may consider reliable evidence such as the plaintiff's allegations. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991).

**II.     Discussion**

    **A.     Habeas Corpus or 42 U.S.C. § 1983 Claim?**

A habeas petition is the appropriate remedy when a prisoner is seeking "to invalidate the duration of [his] confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original). A § 1983 complaint, on the other hand, is available when a prisoner makes "procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." *Kyles v. Garrett*, 353 Fed. App'x 942, 945 (5th Cir. 2009) (quoting *Wilkinson*, 544 U.S. at 81) (emphasis in original).

2

Here, Dancy does not seek to obtain immediate release through his Complaint. Rather, he seeks prospective injunctive relief, requesting that the BPP apply the parole guidelines that were in place at the time of his conviction to his future parole hearings. For Dancy, success in the present case "means at most a new parole hearing at which [Texas] parole authorities may, in their discretion, decline to shorten his prison term." *Id.* at 946 (quoting *Wilkinson*, 544 U.S. at 82). Based on Dancy's allegations and requested relief, his claim was properly brought as a § 1983 action.

B.  **Statute of Limitations**

In his Complaint, Dancy alleges that the BPP improperly applied parole guidelines when he was considered for parole on December 23, 1986. He does not allege that he has been considered for parole on any other date.

The statute of limitations on a § 1983 claim is two years. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (holding that Texas's statute of limitations period for torts " requires a claim to be brought no later than the same calendar day two years following the accrual of the cause of action"); *see Brown v. Dretke*, 184 Fed. App'x 384, 385 (5th Cir. 2006) (holding that a prisoner's § 1983 challenge to parole guidelines, filed within two years of denial of parole, was not untimely under Texas's two-year statute of limitations rule). Generally, "a cause of action under section 1983 accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Price*, 431 F.3d at 893 (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)).

In this case, Dancy alleges that he was considered for parole on December 23, 1986. His Complaint, which was filed on January 28, 2016, was filed more than two years after his claim accrued. Dancy does not allege that he did not know, or have reason to know, of the injuries

3

underlying his claim until sometime after December 23, 1986. Thus, his claim is barred by the statute of limitations.

Dancy cites the United States Supreme Court case of *Wilkinson v. Dotson* in support of his claim. Pl.'s Mem. of Law, at 4 (ECF No. 2). In *Wilkinson*, the Supreme Court held that two prisoners challenging the constitutionality of state parole procedures properly brought claims under § 1983—rather than habeas petitions—where the prisoners were only seeking declaratory and injunctive relief. 544 U.S. at 82–83. The Supreme Court decided *Wilkinson* in 2005. Even if Dancy's Complaint and Memorandum of Law could be construed as an argument that he did not have a cognizable claim until the Supreme Court's decision in *Wilkinson*, more than two years have passed since the decision was issued.

Because Dancy's Complaint is time barred, his claim should be dismissed. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) (explaining that a court should "determine at the earliest possible stages in pro se litigation whether there is any merit to an IFP proceeding" and it "should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone . . .").

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Dancy's Complaint and all claims therein with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file

specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April 7, 2016.

_____
NANCY M. KOENIG
United States Magistrate Judge

5